IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mike Nathaniel Gray, | ) | C/A No. 0:11-1265-JMC-PJG |
| Petitioner, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Warden Padula, *Lee CI*, | ) | |
| Respondent. | ) | |

Petitioner Mike Nathaniel Gray ("Gray"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 21.) Gray filed a response in opposition to the respondent's motion. (ECF No. 41.) Also pending before the court is Gray's motion for a preliminary injunction. (ECF No. 36.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Gray's motion for a preliminary injunction should be denied.

## BACKGROUND

Gray was indicted in May 2007 in Anderson County for murder and possession of a weapon during the commission of a violent crime (07-GS-04-1586). (App. at 79-80, ECF No. 20-1 at 81-82.) Gray was represented by Charles C. Anderson, Esquire, and on May 6, 2008 pled guilty as charged. (App. at 11-12, ECF No. 20-1 at 13-14.) The circuit court sentenced Gray to life imprisonment

without the possibility of parole on the murder charge.[1] (App. at 27, ECF No. 20-1 at 29.) Gray did not file a direct appeal.

On September 15, 2008, Gray filed a *pro se* application for post-conviction relief ("PCR") in which he raised the following grounds for relief:

1. Insufficient evidence

2. Hearsay testimony

3. Ineffective assistance of counsel[.]

(Gray v. State of South Carolina, 08-CP-04-3140; App. at 30-38, ECF No. 20-1 at 32-40.) The State filed a return. (App. at 39-42, ECF No. 20-1 at 41-44.) On March 19, 2009 the PCR court held an evidentiary hearing at which Gray appeared and testified and was represented by Hugh Welborn, Esquire. (App. at 43-71, ECF No. 20-1 at 45-73.) By order filed May 27, 2009, the PCR judge denied and dismissed with prejudice Gray's PCR application. (App. at 72-78, ECF No. 20-1 at 74-80.)

In his PCR appeal, Gray was represented by Wanda H. Carter, Esquire, Deputy Chief Appellate Defendant of the South Carolina Commission on Indigent Defense, who filed a Johnson[2] petition for a writ of certiorari on Gray's behalf that presented the following issue:

---

[1] The count of possession of a weapon during a violent crime was subsumed in the sentence of life imprisonment. (App. at 28, ECF No. 20-1 at 30.)

[2] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

*PJG*

> The PCR judge erred in ruling that petitioner did not voluntarily and intelligently waive his right to a direct appeal in the case.

(ECF No. 20-2.) Gray filed a motion to "hold appeal to PCR dismissal in abeyance" and for a mental examination. (ECF No. 20-3.) Gray also filed a *pro se* response to the Johnson petition in which he raised numerous additional issues. (ECF No. 20-4.) By order filed January 7, 2011, the South Carolina Supreme Court denied Gray's petition for a writ of certiorari. (ECF No. 20-6.) Additionally, the South Carolina Supreme Court issued a letter order denying Gray's motion to hold his appeal in abeyance and for a mental examination. (ECF No. 20-7.) The remittitur was issued on January 25, 2011. (ECF No. 20-8.)

## FEDERAL HABEAS ISSUES

In Gray's federal petition for a writ of habeas corpus, he appears to raise multiple issues regarding the ineffective assistance of plea counsel.[3] (See ECF No. 1-1.)

## DISCUSSION

**A.   Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish

---

[3] The court observes that the respondent has categorized Gray's claims as follows: (1) Counsel did not adequately investigate; (2) Failure to discuss possible defenses; (3) Failure to file appeal; (4) Advice on sentencing for murder; (5) Failure to request a competency exam; (6) Failure to advise of possible LWOP sentence; (7), (10), & (12) Failure to discuss specific defenses; (8) Failure to review investigation with Gray; (9) Failure to discuss "mere presence" at the scene; (11) Cronic claim; (13) Failure to discuss whether Gray's prints were found and supposed inconsistencies in prosecution's evidence. (Respt.'s Mem. Supp. Mot. Summ. J., ECF No. 20.)



the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## B. Habeas Corpus Standard of Review

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Harrington v. Richter, 131 S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Id. at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner

must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.      Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them.



Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**D.      Respondent's Motion for Summary Judgment**

   **1.      Procedural Bar**

As an initial matter, as argued by the respondent, many of Gray's ineffective assistance of counsel claims are procedurally barred from federal habeas review. Gray's PCR application stated that he was seeking relief in part due to ineffective assistance of counsel. (See App. at 32, 37, ECF No. 20-1 at 34, 39.) At the PCR hearing, Gray testified that he believed his counsel was ineffective because (1) counsel did not spend enough time speaking with him about his case; (2) counsel did not answer questions about his potential sentence and Gray did not know he was facing life without parole until the day before the plea; (3) counsel did not discuss the evidence against him; (4) counsel failed to advise him of his right to appeal and failed to file an appeal; (5) counsel did not move to suppress some photographs and a co-defendant's statements; and (6) counsel failed to obtain a better plea bargain. (App. at 51-63, ECF No. 20-1 at 53-65.) In rejecting Gray's claims that counsel was ineffective, the PCR court found the following:

> This Court finds that counsel fully discussed possible defenses and facts of mitigation, and [Gray] was completely satisfied with his attorney's services. This Court finds that counsel reviewed the results of counsel's investigation and discovery



with [Gray]. This Court finds that [Gray] knowingly and voluntarily waived all his constitutional rights including his rights to challenge the sufficiency of the evidence against him. This Court finds that [Gray] understood the charges and the charges['] potential sentencing range. This Court finds that [Gray] pled guilty out of his own free will and that no one forced or promised [Gray] anything to plead guilty.

Thus, this Court finds that [Gray's] testimony at the PCR evidentiary hearing to be not credible. This Court finds counsel's testimony to be credible. This Court also finds that [Gray's] allegation that counsel was ineffective for failing to move to suppress co-defendant's statements is without merit. This Court finds that counsel advised [Gray] of his appellate rights. This Court finds that [Gray's] claim that counsel failed to advise him of his appellate rights [is] not credible.

(App. at 76, ECF No. 20-1 at 78.) The PCR court further found that any other allegations that Gray raised or could have raised were waived and that he failed to meet his burden of proof regarding them. (App. at 77, ECF No. 20-1 at 79.)

Accordingly, the respondent argues that Gray's claims that counsel was ineffective in failing to file an appeal,[4] failing to request a competency examination, failing to discuss "mere presence"

---

[4] The United States Court of Appeals for the Fourth Circuit has recently discussed in an unpublished decision that there are "two distinct scenarios in which a defendant may raise a claim of ineffective assistance of counsel for failure to file a notice of appeal." Singleton v. Eagleton, 425 Fed. App'x 228, 230 (4th Cir. 2011) (citing Roe v. Flores-Ortega, 528 U.S. 470 (2000)). The first scenario occurs when counsel disregards a defendant's specific instructions to file a notice of appeal and the second scenario occurs when counsel fails to consult with a defendant about an appeal and there was a constitutionally imposed duty to do so. Id. at 230 (citing Roe, 528 U.S. at 477, 480). The Fourth Circuit further held that these distinct claims must be independently exhausted in the state courts to be properly preserved for federal habeas review. Id. at 230-31. To the extent that Gray's allegation that counsel failed to file a notice of appeal is based on a claim that counsel failed to follow Gray's specific instructions, the court agrees with the respondent that this claim is procedurally barred; however, to the extent that Gray's allegation is based on a claim that counsel failed to advise him about an appeal, the claim is addressed below.



at the scene, failing to discuss specific defenses,[5] and failing to discuss whether Gray's prints were found and supposed inconsistencies in the prosecution's evidence are all procedurally defaulted under Coleman as these claims were not ruled on by the PCR court.[6]  Similarly, to the extent that Gray is attempting to raise a claim under United States v. Cronic, 466 U.S. 648, 659 (1984),[7] such a claim was not ruled on by the PCR court.  Further, Gray did not file a motion under Rule 59(e), SCRCP, asking the PCR judge to make specific findings of fact and conclusions of law on any of these allegations.  Therefore, these claims were not properly preserved for appellate review under state procedural rules and would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules.  See Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007) ("Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review . . . ."); see also Coleman, 501 U.S. 722 (stating that if an issue is not *properly* raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal

---

[5] The specific defenses that Gray appears to allege in his Petition that counsel should have advised him of include:  discrepancies in reports concerning the amount of money found on the rear floor of the cab and whether his forensic specimen could be connected to any of the "bodily fluids" found in the cab's interior.  The respondent has addressed these claims separately from Gray's general claim that plea counsel failed to discuss potential defenses with him, which was presented to and rejected by the PCR court.

[6] In fact, many of these claims were not even presented to the PCR court, either in Gray's PCR application or during his testimony before the PCR court.

[7] In Cronic, the United States Supreme Court stated that in claims that counsel is ineffective, prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." United States v. Cronic, 466 U.S. 648, 659 (1984).



habeas review); Lawrence, 517 F.3d at 714. Accordingly, these claims are procedurally barred unless Gray can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[ ] will result in a fundamental miscarriage of justice," which he has failed to demonstrate, or even allege. See Coleman, 501 U.S. at 750.

### 2. Remaining Claims

To the extent that Gray alleges that counsel was ineffective in failing to investigate and discuss the investigation with him; in failing to discuss possible defenses with him; and in failing to advise him concerning the possible sentence for murder, specifically that he was facing life without parole, these claims were raised to and ruled on by the PCR court and were presented in Gray's *pro se* response to the Johnson petition. Therefore, the court will address the merits of these claims.

#### a. Ineffective Assistance of Counsel Generally

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of



Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. However, to prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, the Strickland test is "some what different." Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000). To establish the prejudice prong of the Strickland test, a habeas petitioner who pled guilty must show " 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' "[8] Id. (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (discussing the Strickland v. Washington standard to establish ineffectiveness of counsel in the context of a guilty plea).

The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 131 S. Ct. 770, 788 (2010). The Court observed that while " '[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions

---

[8] The court observes that the United States Supreme Court recently addressed the prejudice prong of the Strickland test where the plea offer has lapsed or been rejected due to counsel's deficient performance. Missouri v. Frye, 132 S. Ct. 1399 (2012); Lafler v. Cooper, 132 S. Ct. 1376 (2012). However, the Court reaffirmed that the Hill analysis continues to apply to cases "where a defendant complains that ineffective assistance led him to accept a plea offer as opposed to proceeding to trial." Frye, 132 S. Ct. at 1409.

were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

Although the Supreme Court has held that a decision containing a reasoned explanation is not required from the state court, in the case at bar this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Supreme Court. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991) (indicating that when a state appellate court affirms a lower court decision without reasoning, the court may look through the later, unreasoned, summary disposition and focus on the last reasoned decision of the state court). Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court did not unreasonably misapply the Strickland/Hill test in determining that no Sixth Amendment violation occurred.

### b. Investigation and Possible Defenses

Gray argues that plea counsel was ineffective in failing to "investigate Petitioner brady material because if plea counsel did a thorough investigation he would've recognized all the improper 'ERRORS' that was made and could have been raised for a line of defense if petitioner never had 'pled guilty.'" (ECF No. 1-1 at 1) (errors in original). Gray also appears to argue that plea counsel failed to inform Gray as to any available defenses if he sought a trial on the charges. (Id.)

Before the plea court, counsel stated that "[t]he state provided a rather large amount of discovery in this matter, including three statements by the defendant, a number of photos and so forth. I've provided a copy of all that to Mr. Gray and we have been through all that. And it is my opinion that he would be found guilty if we went to trial, your honor." (App. at 4-5, ECF No. 20-1 at 6-7.) During the plea colloquy, Gray acknowledged that by entering a guilty plea, he was giving

Page 12 of 20

PJG

up his right to confront witnesses, present witnesses, challenge the evidence against him, and claim any defenses. (App. at 10-11, ECF No. 20-1 at 12-13.) Further, Gray agreed (1) with the State's summary of the facts in support of the plea and that he is guilty of the charges in the indictment (App. at 12-15, 16, ECF No. 20-1 at 14-17, 18); (2) that he felt the State could present the evidence that it summarized and that he would be convicted at trial (App. at 16, ECF No. 20-1 at 18); (3) that he "fully discussed all aspects" of his case and talked with his lawyer as often and for as long as he felt was necessary for the lawyer to represent him (App. at 17, ECF No. 20-1 at 19); (4) and that he did not need additional time to speak with his lawyer, that his lawyer had done everything Gray felt his lawyer could have and should have done, and that he was completely satisfied with his lawyer's services (id.). Gray indicated that he had no complaints to make about his lawyer. (App. at 17-18, ECF No. 20-1 at 19-20.)

At the PCR hearing, Gray testified that plea counsel only met with him about three or four times and that plea counsel failed to answer all of his questions. (App. at 51-52, ECF No. 20-1 at 53-54.) Gray indicated that plea counsel failed to tell him what evidence he was facing in this case, even when specifically asked. (App. at 54-55, 57, ECF No. 20-1 at 56-57, 59.) Plea counsel testified that his notes indicated that he met with Gray at least ten times, maybe fifteen times. (App. at 66, ECF No. 20-1 at 68.) Further, plea counsel stated that he reviewed the arrest warrants and indictments; copied the printed discovery, including statements and photos; and brought the discovery to Gray at the detention center. (App. at 66-67, 69, ECF No. 20-1 at 68-69, 71.) As part of his investigation, plea counsel testified that he met with the solicitor several times, met with the investigators at the sheriff's department, reviewed everything the sheriff's department possessed,

spoke with the co-defendants' attorneys, and discussed the results of his investigation with Gray. (App. at 67, ECF No. 20-1 at 69.)

After discussing the testimony presented at the PCR hearing, the PCR court, applying the Strickland test, rejected Gray's claim regarding counsel's investigation and Gray's possible defenses finding that "counsel fully discussed possible defenses and facts of mitigation, and that [Gray] was completely satisfied with his attorney's services" and that "counsel reviewed the results of counsel's investigation and discovery with [Gray]." (App. at 76, ECF No. 20-1 at 78.) The PCR court found that Gray's testimony was not credible and that plea counsel's testimony was credible. (Id.)

Upon thorough review of the parties' briefs and the record in this matter, the court finds that Gray cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in rejecting this claim or that the PCR court made objectively unreasonable factual findings. See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1). As observed by the Harrington court, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington, 131 S. Ct. at 785. Gray's general argument that plea counsel failed to do a thorough investigation and speculative arguments that possible defenses could have been raised concerning tampering with evidence or if a mental examination had been performed[9] fail to demonstrate that the PCR court unreasonably misapplied the Strickland/Hill test. Further, Gray has not clearly shown that the PCR court's credibility determinations were without support. See Elmore v. Ozmint, 661 F.3d 783, 850 (4th Cir. 2011)

---

[9] The court observes that at the PCR hearing, Gray did not present any evidence of a potentially successful defense to his charges.



("We must be 'especially' deferential to the state PCR court's findings on witness credibility, and we will not overturn the court's credibility judgments unless its error is 'stark and clear.' ") (quoting Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010) and Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008)).

### c. Failure to Advise About an Appeal

Gray argues that plea counsel was ineffective in failing to file an appeal. To the extent that this claim is based on Gray's allegations that counsel failed to consult with him concerning the filing of a notice of appeal, the PCR court considered and rejected this claim.

During the plea colloquy, the plea court asked Gray whether he understood he had the right to appeal his guilty plea and sentence within ten days, to which Gray responded, "Yes, sir." (App. at 19, ECF No. 20-1 at 21.) Plea counsel also stated on the record that upon reviewing Gray's rights with him, plea counsel had Gray sign and initial a document explaining Gray's rights, which included Gray's right to appeal within ten days from the plea hearing. (App. at 24-25, ECF No. 20-1 at 26-27.) During the PCR hearing Gray testified that counsel was ineffective in failing to file a notice of appeal and stated that counsel did not tell him about his right to appeal. (App. at 55, ECF No. 20-1 at 57.) He further stated that if counsel had informed of his right to appeal, Gray would have appealed. (App. at 56, ECF No. 20-1 at 58.) Gray also testified that believed counsel would file the appeal. (Id.)

The PCR court found that counsel testified that he discussed Gray's right to appeal and that Gray did not request an appeal. (App. at 74, ECF No. 20-1 at 76.) Further, the PCR court specifically found that "counsel advised [Gray] of his appellate rights" and that Gray's "claim that counsel failed to advise him of his

PJG

appellate rights [is] not credible." (App. at 76, ECF No. 20-1 at 78.)  Gray's general argument that plea counsel failed to file a notice of appeal fails to demonstrate that the PCR court unreasonably misapplied the Strickland/Hill test, or any other clearly established federal law, in rejecting this claim or that the PCR court made objectively unreasonable factual findings.  See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1).

### d. Possible Sentence

Gray alleges that plea counsel was ineffective in advising Gray that if he pled guilty he would be sentenced to thirty years "nothing over or nothing under." (ECF No. 1-1 at 1.)  Gray argues that he later learned that there was not a negotiated sentence between the State and Gray and that the prosecutor would not be making a recommendation of thirty years' imprisonment to the plea court.  Gray also argues that plea counsel erred in failing to inform him that the solicitor would ask the plea court to sentence Gray to life imprisonment.  Gray alleges that he would not have pled guilty if plea counsel had properly advised him.

During the plea colloquy, Gray affirmed that plea counsel had explained the charges against him and the possible punishments. (App. at 7, ECF No. 20-1 at 9.)  The plea court further explained to Gray that "[y]ou are pleading guilty to the offense in count 1 of murder where the minimum sentence is 30 years and the maximum sentence is life; and count 2 with possession of a weapon during a violent crime where the maximum sentence is five years," which Gray stated that he understood. (Id.)  The parties also discussed that the murder charge actually carried life without parole. (App. at 7-8, ECF No. 20-1 at 9-10.)  The plea court then asked,

> Do you understand, Mr. Gray, that the sentence for murder carries 30 years to life which means life without parole.  If you are convicted or sentenced to life without parole, of course, the weapons charge which would be five years and would not be



considered, however, if you are sentenced to something less than life without parole, then you could be sentenced to five years in addition to whatever sentence you get above the 30 years.

(App. at 8, ECF No. 20-1 at 10.) Gray responded, "Yes, sir." (Id.) Finally, the plea court asked Gray one more time if he understood the nature of the charges and the range of possible punishments, which Gray affirmed. (App. at 9, ECF No. 20-1 at 11.) Plea counsel also stated on the record that upon reviewing Gray's rights with him, plea counsel had Gray sign and initial a document explaining Gray's rights, what the possible sentences could be, and that Gray was waiving his rights by entering a plea of guilty. (App. at 24, ECF No. 20-1 at 26.) Gray affirmed to the plea court that he signed and initialed that document. (App. at 25, ECF No, 20-1 at 27.)

At the PCR hearing, Gray appeared to argue that counsel indicated he would receive thirty years' imprisonment if he pled guilty to murder and that counsel did not inform him that he could be sentenced to life without parole. (App. at 52-53, 54 ECF No. 20-1 at 54-55, 56.) Gray testified that he discovered that he was facing life without parole the day before he pled guilty. (App. at 53, ECF No. 20-1 at 55.) Plea counsel testified that when he and Gray were discussing Gray's decision to plead guilty, they "were hoping that he wouldn't get life without parole but that ended up what his sentence was, but we discussed the range that he would face if he pled guilty to murder, that it had a minimum of 30 and maximum of life without parole." (App. at 68, ECF No. 20-1 at 70.)

Further, the PCR court observed that Gray informed the plea judge that he understood the maximum sentence he was facing for each charge. (App. at 73, ECF No. 20-1 at 75.) The PCR court found that Gray understood the charges and the charges' potential sentencing range. In support of his allegation that plea counsel was ineffective in failing to inform him of his potential sentence, Gray reargues the allegations that he presented to the PCR court. As stated above, the PCR court

PJG

found plea counsel's testimony was credible and Gray's testimony was not credible—findings which Gray has not clearly shown were without support. See Elmore, 661 F.3d at 850. Gray also argues that plea counsel was deficient in failing to inform him that the solicitor would be seeking life without parole. There is no support for this argument in the record.[10] The record clearly shows that Gray was aware of his potential sentence during the plea and he proceeded to enter a guilty plea. Accordingly, Gray has not demonstrated that the PCR court unreasonably misapplied the Strickland/Hill test, or any other clearly established federal law, in rejecting this claim or that the PCR court made objectively unreasonable factual findings. See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1).

      e.      **Other Claims**

In Gray's response in opposition to summary judgment, Gray appears to include allegations of ineffective assistance of counsel that were not presented in his Petition. For example, Gray alleges that plea counsel was ineffective in failing to suppress a co-defendant's statements. (ECF No. 41 at 6.) Such claims were not raised in Gray's Petition; nor did he seek leave to amend his Petition to add these claims. Therefore, these issues and theories are not properly before the court. See, e.g., Bridgeport Music, Inc. v. WM Music Corp., 508 F.3d 394, 400 (6th Cir. 2007) (holding that a party may not expand its claims to assert new theories in response to summary judgment); White v. Roche Biomedical Labs., Inc., 807 F. Supp. 1212, 1216 (D.S.C. 1992) (noting that "a party is generally not permitted to raise a new claim in response to a motion for summary judgment").

---

[10] Arguably, this allegation was not presented to the PCR court.

PJG

### E. Gray's Motion for a Preliminary Injunction

Also pending before the court is Gray's request for the court to enjoin the respondent from denying him access to his "legal work from property." (ECF No. 36 at 2.) Gray sought this relief in conjunction with seeking additional time to respond to the respondent's motion for summary judgment, which the court granted. Since that time, Gray has filed his response opposing summary judgment. Accordingly, this request appears to be moot.

### RECOMMENDATION

For the foregoing reasons, Gray has failed to demonstrate that he is entitled to federal habeas relief. Therefore, the court recommends that the respondent's motion for summary judgment (ECF No. 21) be granted and Gray's motion for a preliminary injunction (ECF No. 36) be denied.

May 25, 2012  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).