**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Mike Nathaniel Gray ) | Civil Action No.: 0:11-1265-MGL |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Warden Padula, Lee CI, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

On May 25, 2011, Petitioner Mike Nathaniel Gray ("Petitioner"), an inmate in the South Carolina Department of Corrections, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No.1.) Respondent filed a Return and a Motion for Summary Judgment on November 7, 2011. (ECF Nos. 20 & 21.) On March 15, 2012, Petitioner filed a response in opposition to the Motion for Summary Judgment. (ECF No. 41.) The case was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling and a Report and Recommendation pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02 (B)(2)(c) for the District of South Carolina. The Magistrate Judge issued a Report and Recommendation ("Report") on May 25, 2012, recommending that the Respondent's Motion for Summary Judgment be granted and that Petitioner's motion for a preliminary injunction be denied. (ECF No. 46.) For the reasons set forth herein, this Court adopts the Report and Recommendation and Respondent's Motion for Summary Judgment is **GRANTED** and the Petition for Habeas Corpus relief is **DISMISSED.**

**BACKGROUND AND PROCEDURAL HISTORY**

The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part. Petitioner was

indicted in May 2007 for murder and possession of a weapon during the commission of a violent crime. (ECF No. 20-1 at 81-82.)  He pled guilty as charged on May 6, 2008 and was represented by counsel. (ECF No. 20-1 at 13-14.)  The circuit court sentenced Petitioner to life in prison without parole. (ECF No. 20-1 at 29.)  Petitioner did not file a direct appeal. On September 15, 2008, Petitioner filed a pro se application for post-conviction relief ("PCR") raising insufficient evidence, hearsay testimony, and ineffective assistance of counsel as grounds for relief. (ECF No. 20-1 at 32-40.) The PCR court held an evidentiary hearing at which Petitioner appeared and was represented by counsel.  (ECF No. 20-1 at 45-73.) The PCR court denied and dismissed with prejudice, Petitioner's PCR application by an order filed on May 27, 2009. (ECF No. 20-1 at 74-80.)  Petitioner appealed but by order filed January 7, 2011, the South Carolina Supreme Court denied Petitioner's petition for a writ of certiorari. (ECF No. 20-6.)  The remittitur was issued on January 25, 2011. (ECF No. 20-8.) On May 25, 2011, Petitioner filed a pro se federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 raising several issues regarding the ineffective assistance of plea counsel. (ECF No. 1-1.) The Magistrate Judge recommends that Respondent's Motion for Summary Judgment be granted and that Petitioner's motion for a preliminary injunction be denied.  (ECF No. 46.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made.  The Court may accept, reject, or

modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## PRO SE PETITIONS

Pro se complaints and petitions should be construed liberally by this Court. Such pro se complaints and petitions are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), *cert. denied*, 439 U.S. 970 (1978). A federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe,* 449 U.S. 5, 9 (1980). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387, 390-91 (4th Cir.1990).

## DISCUSSION

Petitioner filed written objections to the Magistrate Judge's Report and Recommendation. (ECF No. 49.) This Court has reviewed the objections and finds that Petitioner's objections are non-specific and are unrelated to the dispositive portions of the Magistrate Judge's report. Instead, Petitioner appears to object to the Magistrate Judge's summation of the findings of the PCR court and merely reargues and restates the issues that were set forth in his initial petition and briefings. A "'specific written objection'" is needed to trigger review by this Court. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005); *see also Ford v. Reynolds*, No. 3:11-67, 2011 WL 2581397, * 2 (D.S.C. 2011). Liberally construing Petitioner's response in an effort to identify a

specific objection, the Court surmises that Petitioner believes that plea counsel was ineffective because he does not think that counsel adequately informed him of the possibility of a life sentence without parole. Petitioner claims that if he had known that the State was asking for life imprisonment, he would not have pled guilty. (ECF No. 49 at 5.) Petitioner does not appear to object to any other portion of the Report and Recommendation. Nevertheless, the Court has conducted a *de novo* review of the issues in this case and concludes that the Magistrate Judge has correctly addressed the issues in light of the applicable law.

The Magistrate Judge fully considered Petitioner's claims for ineffective assistance of counsel and the PCR court's written opinion in accordance with *Strickland v. Washington*, 466 U.S. 668 (1984), *Hill v. Lockhart*, 474 U.S. 52, 59 (1985), *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011), and the § 2254 standard, and determined that the state court did not unreasonably misapply the applicable tests in determining that no Sixth Amendment violation occurred. (ECF No. 46 at 12, 18.) Having reviewed the PCR court's order of dismissal with prejudice (ECF No. 20-1 at 74-80) and the record, this Court agrees. To successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Petitioner must show that the counsel's "representation fell below an objective standard of reasonableness," and that he was prejudiced by his counsel's deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Judicial scrutiny of counsel's performance is highly deferential because "it is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence. . . ." *Id.* at 689. Thus, "every effort must be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the

conduct from counsel's perspective at the time." *Id.* There is, therefore,"a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner has not presented the Court with any evidence to support his claim that counsel's advice and performance fell below an objective standard of reasonableness. At his guilty plea hearing, Petitioner indicated that he "fully discussed all aspects" of his case with his lawyer and talked to his lawyer as often as he felt it was necessary for the lawyer to represent him. (ECF No. 20-1 at 19). Petitioner indicated that he was satisfied with his lawyers' services, had no complaints about his lawyer, and that his lawyer had done everything he felt his lawyer should and could have done. (ECF No. 20-1 at 19-20). Petitioner affirmed that plea counsel had explained the charges against him and the possible punishments. (ECF No. 20-1 at 9.) Petitioner affirmed that he understood that the sentence for murder carries 30 years to life which means life without parole. (ECF No. 20-1 at 10.) He testified that no one promised him anything, held out any hope of reward, threatened him, or used force to make him to plead guilty. (ECF No. 20-1 at 20.)

The PCR court considered these statements, Petitioner's arguments, and the record to conclude that Petitioner's claims of ineffective assistance of counsel were without merit, that Petitioner, among other things, understood the charges and potential sentencing range, and that no one forced or promised him anything to plead guilty. (ECF No. 20-1 at 78.) In reviewing the state court's application of the federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment

that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). The state court's application of the federal law must also be unreasonable. *Id.*; *see also Harrington v. Richter*, 131 S. Ct. 770, 785 (2011). The Court agrees with the Magistrate Judge's finding that Petitioner cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in rejecting his claim or that the PCR court made objectively unreasonable factual findings. (ECF No. 46 at 14.)

## CONCLUSION

The Court has reviewed the Magistrate Judge's Report, Petitioner's objections, and the record and is satisfied that the Magistrate Judge rightly determined that Petitioner has no claim for relief under § 2254. Based on the forgoing, the Court adopts the Report and Recommendation of the Magistrate Judge. For the reasons set forth herein and in the thorough Report of the Magistrate Judge, Respondent's Motion for Summary Judgment is **GRANTED** and the Petition for Habeas Corpus relief is **DISMISSED.** Petitioner's motion for a preliminary injunction is **DENIED.**

## Certificate Of Appealability

The governing law provides that:

(c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that

reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

    **IT IS SO ORDERED.**

                                    /s/Mary G. Lewis
                                    United States District Judge

January 23, 2013
Spartanburg, South Carolina